Wash, J.,
delivered the opinion of the Court.
These suits were instituted before Justices of the Peace j the two first for trespasses^ and the last on account for work and labor, (for sums within the proper jurisdiction, of Justices,) were taken to the Circuit Court, and from thence brought into this Court by appeal. The only question submitted for the consideration of this Court is, whether an appeal will lie from the Circuit Court to this Court in causes originating before Justices of the Peace?
By the second section of the fifth article of the Constitution, it is provided “ that the Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the State, under the-restrictions and limitations in this Constitution provided. Section third provides that the Supreme Court shall have a general superintending-control over all inferior Courts of Law. The manner in which the appellate power or superintending control of this Court is to be exercised, has been left for the Legislature to prescribe. By the forty-third section of the act to regulate-proceedings at law, Rev. Code, p. 632, it is enacted, that if any person shall deem him or herself aggrieved by any final decision or judgment of any Circuit Court, in any cause originating in said. Court, and such person, or his agent, shall, &c.,, (prescribing the manner of taking his appeal,) he shall be allowed his appeal'to.this Court. Por the appellees it is urged, that this Court has no jurisdiction by appeal in these cases, forasmuch as they did not originate in the Circuit Court. For the appellants it is insisted that we have jurisdiction; for that the act of the Legislature, limiting appeals from the Circuit Court to causes originating therein, is unconstitutional, and if not- unconstitutional^ yet that a liberal construction of the act, in furtherance of the spirit of the Constitution in giving a general appellate jurisdiction and superintending control to.this Court, should induce this Court to consider a cause tried de novo on its merits, (as every appeal from a Justice of the Peace to the Circuit Court is tried,) as originating in the Circuit Court. If it were the only mode by which the appellate power of this Court could be exerted, the argument on either ground might, perhaps, be deemed satisfactory. But by the forty-fifth section of the act referred to, Rev. Code, p. 633, suitors in the-Circuit Court have a.right in all cases, to writs of error from the final decision of that Court. The Legislature in restricting the right- to appeal, therefore, have not abridged the appellate power of this Court, which the suitors may still claim to have-exercised in all cases upon, wits of error.; and- the Legislature might well think it unwise in small matters, to suffer the delay incident to-appeals.. Leaving the party to his writ of error and supersedeas, if, in the opinion of a Judge, there was reason to believe that injustice had been done him in the Circuit Court.. Upon the whole, *548 we think the appeals in these cases should he dismissed, having been taken in causes not originating in the- Circuit Court.